UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JIMMIE L.,[1]

Plaintiff,

Case # 23-CV-685-FPG

v.

DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

## INTRODUCTION

Plaintiff Jimmie L. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 5, 7. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In June 2020, Plaintiff protectively applied for a period of disability and DIB with the Social Security Administration ("SSA"). Tr.[2] 16. He alleged disability since March 14, 2020. Tr. 269. The claim was initially denied on November 23, 2020, and upon reconsideration on February 18, 2021. Tr. 16. On May 4, 2022, Administrative Law Judge Michael J. Stacchini (the "ALJ")

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

held a hearing. Tr. 31–61. The ALJ issued a decision on May 20, 2022, finding that Plaintiff was not disabled. Tr. 16–25. Plaintiff requested review by the Appeals Council, but the request was denied on May 17, 2023. Tr. 1–3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listing"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.[3] At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff had the following medically determinable impairments: anxiety, depression, bipolar disorder, hypertension, obstructive sleep apnea, HIV infection, degenerative disc disease of the cervical spine, hyperthyroidism, obesity, hip degenerative joint disease, osteoarthritis of the hands, and cataracts. Tr. 18. However, the ALJ found that Plaintiff does not have a severe impairment or combination of impairments. Tr. 19. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 24.

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ did not properly assess Plaintiff's mental health impairment, which is severe. ECF No. 5-1 at 8–18. Specifically, Plaintiff argues that the ALJ: (1) inappropriately relied on mental status examinations; (2) unfairly credited the opinions of non-examining physicians over the opinion of those who actually examined Plaintiff; and (3) made speculative inferences about Plaintiff's conservative treatment and improperly focused on Plaintiff's limited activities of daily living and ability to work part-time. *Id.* The Court analyzes each argument below.

#### a. Reliance on Mental Status Examinations

Plaintiff argues that the ALJ inappropriately relied on mental status examinations by selecting a few instances of improvement to discredit Plaintiff's severe mental health symptoms.

---

[3] Because Plaintiff also filed an application for a period of disability, the ALJ analyzed an additional issue of whether Plaintiff met the insured status requirements of § 216(i) and § 223 of the SSA. Tr. 16. The ALJ found that Plaintiff met the insured status requirements through September 30, 2025. Tr. 18. This determination is not disputed.

ECF No. 5-1 at 12–13. Although unclear, Plaintiff implies that the ALJ erred by considering Plaintiff's appearance or demeanor to be a substantial factor when considering his mental health limitations. *Id.* at 13. The Court disagrees as Plaintiff's argument is simply untrue.

An ALJ's findings relating to the regulatory factors that are reasonably supported by the record "must be given conclusive effect." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citation omitted). In this instance, the ALJ's decision makes it clear that he considered Plaintiff's overall record as opposed to relying on Plaintiff's appearance or demeanor before reaching a conclusion. For instance, the ALJ discussed Plaintiff's mental impairment evaluations between October 2020 and January 2022, conducted by psychiatrist Alicia M. Saldana, M.D., disease nurse practitioner Patrick S. Goeller, NP, and clinical social worker Jennifer M. Bowman.[4] Tr. 21–22. The ALJ also discussed Plaintiff's mental limitation evaluations between November 2020 to February 2021 by psychiatric consultative examiner Todd Deneen, Psy.D., and state agency psychiatric consultants J. May, Ph.D. and D. Brown, Psy.D. Tr. 22–23. In discussing each of the evaluations, the ALJ discussed various aspects of Plaintiff's progress, including the diagnoses of major depression and anxiety disorder, Plaintiff's stressors and improvements, general demeanor, social skills, and intellectual functioning. Tr. 21–23. This is far from the ALJ selecting a few instances of Plaintiff's improvement, appearance, or demeanor from the record while disregarding the rest.

For the reasons above, remand is not warranted on this ground.

**b. Evaluation of the Medical Opinions**

Plaintiff argues that the ALJ unfairly credited the opinions of non-examining physicians over the opinions of doctors who actually examined Plaintiff before providing a psychiatric

[4] Although Bowman is a clinical social worker who is "not an 'acceptable medical source' for purposes of establishing an impairment," her "opinion may be considered to show the severity of an impairment and how it affects Plaintiff's ability to do work." *Leisten v. Astrue,* No. 08-CV-6556, 2010 WL 1133246, at *5 n. 4 (W.D.N.Y. March 23, 2010) (citing 20 C.F.R. § 404.1513(a), (d)(1)).

evaluation. ECF No. 5-1 at 13–16. Specifically, Plaintiff argues that the ALJ erred in "elevating" the reviews of Dr. May and Dr. Brown over the opinions of Dr. Deneen and the disability rating issued by Veterans Affairs (the "VA"). *Id.* The Court disagrees.

20 C.F.R. § 404.1520c identifies several factors that an ALJ will consider when evaluating medical opinions, the most important of which are "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). The former pertains to the degree to which the medical source supports his or her opinion with "objective medical evidence and supporting explanations," while the latter pertains to the degree to which the opinion is consistent with "the evidence from other medical sources and nonmedical sources" in the record. *Id.* § 404.1520c(c)(1), (2). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier*, 606 F.3d at 49 (quotation marks and citation omitted). In other words, the mere fact that a claimant can identify other evidence to support a different assessment of the relevant factors does not entitle her to relief. *See Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021).

In October 2020, Dr. Saldana examined Plaintiff at the Buffalo VA Medical Center. Tr. 469. Dr. Saldana noted that Plaintiff's diagnoses included major depression and anxiety disorder but stated that Plaintiff had organized thought processes and was fully oriented with intact memory and fair insight and judgment. Tr. 490. During a follow-up in August 2021, Dr. Saldana stated that Plaintiff had a 100% service connected disability for bipolar disorder. Tr. 1309. In January 2022, Dr. Saldana noted that Plaintiff stated that he was "very anxious" but that "[h]e is back working because he needs to be busy[.]" Tr. 1426.

In November 2020, Dr. Deneen, a psychiatric consultative examiner, evaluated Plaintiff and noted, in pertinent part, that Plaintiff had a diagnosis of generalized anxiety disorder. Tr. 461. Dr. Deneen assessed that Plaintiff had no limitations with (1) understanding, remembering, and applying simple directions and instructions; (2) using reason and judgment to make work-related decisions; (3) interacting adequately with supervisors, coworkers, and the public; (4) sustaining concentration and performing tasks at a consistent pace; (5) sustaining an ordinary routine and regular attendance at work; (6) maintaining personal hygiene and appropriate attire; and (7) being aware of normal hazards and taking appropriate precautions. Tr. 460. Dr. Deneen noted that Plaintiff has mild limitations with understanding, remembering, and applying complex directions and instructions; and moderate limitations with regulating emotions, controlling behaviors, and maintaining wellbeing. Tr. 460–61. Notably, Dr. Deneen stated, "[t]he results of the examination appear to be consistent with psychiatric and cognitive problems, but in itself this does not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." Tr. 461.

In November 2020, Dr. May, a state agency psychiatric consultant, reviewed Plaintiff's records and stated that Plaintiff had mild limitations in his ability to understand, remember, or apply information; to concentrate, persist, or maintain pace; and to adapt or manage himself. Tr. 74. Dr. May also stated that Plaintiff had no limitations in his ability to interact with others. Tr. 74. Dr. May concluded that Plaintiff's mental impairments were non-severe. Tr. 75. On reconsideration in February 2021, Dr. Brown, another state agency psychiatric consultant, affirmed Dr. May's findings and concluded that the evidence supports that Plaintiff's mental impairments were non-severe. Tr. 89–90.

In concluding that Plaintiff does not have a severe impairment or combination of impairments, the ALJ summarized Plaintiff's treatment history and the opinions of Plaintiff's

physicians. Tr. 19–24. The ALJ found the opinions of Dr. May and Dr. Brown to be persuasive. Tr. 23. The ALJ also found Dr. Deneen's opinion to be persuasive except for the conclusion that Plaintiff has moderate limitations in his ability to regulate emotions, control behaviors, and maintain wellbeing because the non-severity was supported by, *inter alia*, Dr. Deneen's overall examination findings and Plaintiff's treatment records. Tr. 23. The ALJ did not find Dr. Saldana's assessment that Plaintiff had a 100% service connected disability for bipolar disorder to be persuasive as it is based on a different standard for disability and did not provide a function-by-function assessment of Plaintiff's capacity to perform specific work-related mental activities. Tr. 23.

Plaintiff argues that the ALJ improperly gave greater persuasive value to Dr. May and Dr. Brown, who only evaluated Plaintiff through his records, over Dr. Deneen who personally evaluated Plaintiff. ECF No. 5-1 at 13–16. Yet, the ALJ found Dr. Deneen's opinion to be persuasive as well as the opinions of Dr. May and Dr. Brown. Tr. 23. Indeed, the three medical opinions are largely consistent with one another in concluding that Plaintiff has mild or no limitations with understanding, remembering, or applying complex directions and instructions; concentrating, persisting, or maintaining pace; and adapting or managing himself. Tr. 74, 89–90, 460–61. Although the ALJ did not find persuasive the portion of Dr. Deneen's opinion that Plaintiff has moderate limitations in his ability to regulate emotions, control behaviors, and maintain wellbeing, Tr. 23, this finding is supported by Plaintiff's treatment history, Tr. 21–22. Moreover, Dr. Deneen also stated that Plaintiff's issues do "not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." Tr. 461. Therefore, the Court can glean from the record that the ALJ weighed the consistency and supportability of the different medical evaluations. *See Davidia B. v. Comm'r of Soc. Sec.*, No. 21-CV-00384, 2023 WL

5361000, at *5 (W.D.N.Y. Aug. 22, 2023) (if the reviewing court can "adequately 'glean' how the ALJ weighed the consistency and supportability factors," remand is not justified because the procedural error is considered harmless). In this regard, Plaintiff's claim that some medical opinions support a finding that Plaintiff's mental health impairments are severe is meritless because an ALJ's findings relating to the regulatory factors that are reasonably supported by the record "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier*, 606 F.3d at 49; *see Emery S.*, 2021 WL 2592363, at *4.

Plaintiff's argument that the ALJ did not properly consider the VA's disability rating is also meritless. ECF No. 5-1 at 14. Although the VA's decision is "entitled to some weight and should be considered," it "is not binding on the Social Security Administration." *Best v. Comm'r of Soc. Sec.*, No. 18-CV-5751, 2020 WL 1550251, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (summary order)). Here, the ALJ summarized Dr. Saldana's multiple examinations of Plaintiff, including how Plaintiff was recorded to have a 100% service connected disability for bipolar disorder. Tr. 21–23. Therefore, the ALJ did consider the VA's decision. However, having considered Dr. Saldana's examinations, the ALJ did not find the assessment to be persuasive because the VA uses a different standard for disability and because it did not provide a function-by-function assessment of Plaintiff's capacity to perform specific work-related mental activities. Tr. 23. *Compare with Best*, 2020 WL 1550251, at *4 (finding that "[t]he ALJ did not even attempt to summarize the VA's findings, or to apply such findings in the context of [the claimant's] application for benefits under the Social Security Act," which alone requires remand (citation omitted)).

For the reasons above, remand is not warranted on this ground.

**c. Evaluation of Plaintiff's Conservative Treatment and Daily Activities**

Plaintiff argues that the ALJ erred by making speculative inferences regarding Plaintiff's conservative treatment when "conservative treatment does not mean the individual is healthy or not disabled." ECF No. 5-1 at 13. Plaintiff also argues that the ALJ selectively read the record by focusing on Plaintiff's ability "to do the most basic activities of daily living." *Id.* at 16–17.

In determining whether a claimant is disabled, an ALJ considers all of the claimant's alleged symptoms and the extent to which they are consistent with the record evidence and affect his ability to perform daily activities and to work. *See* 20 C.F.R. § 404.1529(a). Specifically, when an ALJ evaluates a claimant's alleged symptoms, he follows a two-step process: first, he considers whether the medical evidence shows an impairment that "could reasonably be expected to produce the pain or other symptoms alleged," and second, if such an impairment is shown, the ALJ evaluates the "intensity and persistence" of the claimant's symptoms to determine the extent to which they limit his work capacity. *Id.* § 404.1529(a), (c)(1).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, an ALJ considers: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms. *Id.* § 404.1529(c)(3)(i)–(vii).

In light of the Commissioner's regulations, the Court concludes that the ALJ properly considered Plaintiff's conservative treatment and daily activities. First, it was not improper for the ALJ to consider Plaintiff's history of conservative treatment because conservative treatment

history supports a finding of whether an impairment is non-severe. *See id.* § 404.1529(c)(3)(iv)–(v); *Jacqueline C. v. Comm'r of Soc. Sec.*, No. 23-CV-929, 2026 WL 653568, at *5 (W.D.N.Y. Mar. 9, 2026) (the ALJ's finding that an impairment is non-severe was supported by plaintiff's conservative treatment history, among other factors); *Lisa T. v. Comm'r of Soc. Sec.*, No. 21-CV-469, 2023 WL 203363, *7 (W.D.N.Y. Jan. 17, 2023) (the ALJ properly discounted a medical opinion based on a "conservative treatment regimen" and "mostly benign objective testing results"). Therefore, Plaintiff's claim that the ALJ improperly considered his conservative treatment is meritless.

Second, the ALJ properly considered Plaintiff's ability to perform daily activities. It is "the Commissioner's regulations [that] expressly identify 'daily activities' as a factor the ALJ should consider in evaluating the intensity and persistence of a claimant's symptoms." *Coger v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 427, 436 (W.D.N.Y. 2018) (citation omitted); *see* 20 C.F.R. § 404.1529(c)(3)(i). Therefore, it was not improper for the ALJ to consider Plaintiff's daily activities in determining whether Plaintiff has a severe impairment.

"In considering activities of daily living, the issue is not whether the clinical and objective findings are consistent with an inability to perform all substantial activity, but whether plaintiff's statements about the intensity, persistence, or functionally limiting effects of his symptoms are consistent with the objective medical and other evidence." *Coger*, 335 F. Supp. 3d at 436 (quotation marks, brackets, and citation omitted). Here, the ALJ considered Plaintiff's report that "he was able to perform many activities of daily living including cooking, cleaning, doing laundry and shopping as needed." Tr. 24, 460. These activities are inconsistent with the severity of the symptoms that Plaintiff claimed to suffer from. *See Rusin v. Berryhill*, 726 F. App'x 837, 840 (2d Cir. 2018) (summary order) (severe limitations claimed by the plaintiff were inconsistent with the

plaintiff's report that he "cooked simple meals daily, left the house daily, can drive, and shopped for groceries every two weeks"). Moreover, as the ALJ also observed, Plaintiff "currently works as a substitute teacher in elementary school, a skilled profession." Tr. 24, 40. The ALJ therefore concluded that "[t]he claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. 24.

Because there is substantial evidence in the record to support the ALJ's finding that Plaintiff does not have a severe impairment or combination of impairments that severely limit the ability to perform basic work-related activities, remand is not warranted on this basis. *See Collins v. Comm'r of Soc. Sec.*, 19-CV-00298, 2020 WL 5742677, at *5–7 (W.D.N.Y. Sept. 24, 2020) (in rejecting the plaintiff's complaints of pain and disabling limitations, the ALJ properly discussed objective medical evidence, treatment and response to treatment, activities of daily living, and medical expert opinion evidence).[5]

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 5) is DENIED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 16, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

[5] Having concluded that the record substantially supports the ALJ's finding that Plaintiff does not have a severe impairment or combination of impairments, it was not improper for the ALJ to conclude the analysis with a finding of "not disabled." *See* 20 C.F.R. § 404.1520(c).